NOT FOR PUBLICATION WITHOUT THE
 APPROVAL OF THE APPELLATE DIVISION
 This opinion shall not "constitute precedent or be binding upon any court."
 Although it is posted on the internet, this opinion is binding only on the
 parties in the case and its use in other cases is limited. R.1:36-3.

 SUPERIOR COURT OF NEW JERSEY
 APPELLATE DIVISION
 DOCKET NO. A-4774-14T2

KRONER, INC.,

 Plaintiff-Respondent,

v.

M&B 21 HARRISON GROUP, LLC,
STUART ADLER, and ALISA ADLER,

 Defendants-Appellants,

and

275 HARRISON AVENUE ASSOCIATION,
INC., 277 HARRISON AVENUE
CONDOMINIUM ASSOCIATION,
JORAM RADOS, and DANIEL BODNER,

 Defendants.
________________________________________________________________

 Argued June 21, 2016 – Decided June 16, 2017

 Before Judges Espinosa and Kennedy.

 On appeal from the Superior Court of New
 Jersey, Chancery Division, Hudson County,
 Docket No. F-11141-13.

 Kenneth P. Traum argued the cause for
 appellants.

 Kevin J. Bloom argued the cause for
 respondent (Law Offices of Abe Rappaport,
 attorneys; William J. Fishkin, on the
 brief).
PER CURIAM

 Defendants M&B 21 Harrison Group, LLC (M&B), Stuart Adler and

Alisa Adler appeal from two orders: (1) an order entered April 11,

2014 that granted summary judgment to plaintiff Kroner, Inc., and

transferred the matter to the foreclosure unit as an uncontested

matter, and (2) an order entering final judgment, dated May 15,

2015. We affirm.

 I.

 In December 2007, M&B executed a mortgage note to Kroner for

the principal amount of $1,956,000, with monthly payments to

commence on February 1, 2008 until its maturity date of January

1, 2009. The note was secured by a mortgage to Kroner; the

mortgaged premises consisted of twenty-one residential condominium

units located in Jersey City.

 A complaint in foreclosure was filed in March 2013, alleging

that M&B defaulted on January 1, 2009 by failing to pay off the

loan in full according to the terms of the note.1 M&B filed a

contested answer and counterclaim. Kroner filed an answer to the

counterclaim and subsequently moved successfully to amend the

1
 The complaint also named 275 Harrison Avenue Association, Inc.
(275 Harrison), as a defendant, based upon its filing a claim of
lien against M&B. 275 Harrison filed a non-contesting answer to
the complaint. Default and final judgment were entered against
275 Harrison, which is not a party to this appeal.

 2 A-4774-14T2
complaint to add Stuart Adler, Alisa Adler, Joram Rados and Daniel

Bodner2 as defendants based upon an Indemnity and Guaranty

Agreement they executed at the time the note and mortgage were

executed.

 Cross-motions for summary judgment were filed. By order

dated April 11, 2014, the court granted Kroner's motion and denied

the motion filed by M&B, Stuart Adler and Alisa Adler.

 In June 2014, M&B filed a Chapter 11 petition for bankruptcy

in the United States Bankruptcy Court for the Eastern District of

New York. See 11 U.S.C.A. § 301. In September 2014, M&B filed a

complaint in the bankruptcy action against Kroner, Daniel Bodner,

Hagit Bodner and Rados. The complaint alleged various forms of

misconduct by the Bodners and Rados, including fraud and breaches

of fiduciary duties, and sought the equitable subordination of the

debt to Kroner and the claims made by Rados and Daniel Bodner, the

recharacterization of the debt as a capital contribution by Daniel

Bodner in M&B, and compensatory and punitive damages. In December

2014, M&B's case was dismissed with prejudice with the consent of

M&B.

2
 Default was entered against both Rados and Bodner; final
judgment was entered against them. They are not parties to this
appeal.

 3 A-4774-14T2
 The Chancery Division entered final judgment in May 2015

against M&B, 275 Harrison Avenue Condominium Association, Stuart

Adler, Alisa Adler, Rados and Daniel Bodner for the sum of

$1,300,173.41 plus interest and taxed costs, and a counsel fee of

$7500. The order further directed that the mortgaged premises be

sold at a sheriff's sale to satisfy the sum due. Defendants moved

unsuccessfully to vacate the judgment.

 The sheriff's sale occurred on September 24, 2015. Kroner

was the successful bidder, buying the property for $441,000.

 On appeal, defendants argue summary judgment should not have

been entered against them as there were genuine issues of fact and

law. They argue further that the trial court failed to make the

requisite findings of fact required by Rule 1:7-4 and that,

therefore, the final judgment must be vacated and the matter

remanded to the trial court. We are not persuaded by these

arguments.

 II.

 In reviewing a summary judgment decision, we consider the

evidence "in a light most favorable to the non-moving party," and

determine "if there is a genuine issue as to any material fact or

whether the moving party is entitled to judgment as a matter of

law." Rowe v. Mazel Thirty, LLC, 209 N.J. 35, 38, 41 (2012)

(citing Brill v. Guardian Life Ins. Co. of Am., 142 N.J. 520, 529

 4 A-4774-14T2
(1995)). We need not accept the trial court's conclusions of law,

which we review de novo. Davis v. Devereux Found., 209 N.J. 269,

286 (2012).3

 To defeat a motion for summary judgment, the opponent must

"'come forward with evidence' that creates a genuine issue of

material fact." Horizon Blue Cross Blue Shield of N.J. v. State,

425 N.J. Super. 1, 32 (App. Div.) (quoting Brill, supra, 142 N.J.

at 529), certif. denied, 211 N.J. 608 (2012). "An issue of fact

is genuine only if, considering the burden of persuasion at trial,

the evidence submitted by the parties on the motion, together with

all legitimate inferences therefrom favoring the non-moving party,

would require submission of the issue to the trier of fact." R.

4:46-2(c).

 Defendants contend that summary judgment was improperly

granted because they brought facts to the trial court's attention

regarding the conduct of Rados and Daniel Bodner that warranted

an equitable remedy in their favor rather than a judgment against

them. Defendants asserted there was a breach of fiduciary duty,

a breach of the covenant of good faith and fair dealing and that

3
 Because we apply the same standard as the trial judge in
reviewing a summary judgment motion and review conclusions of
law de novo, defendants' argument that reversal is warranted
based on the trial judge's failure to make findings required by
Rule 1:7-4 lacks sufficient merit to warrant discussion. R.
2:11-3(e)(1)(E).

 5 A-4774-14T2
equitable estoppel should have applied to preclude summary

judgment.

 Both the Statement of Undisputed Material Facts submitted by

plaintiff and the Counterstatement of Material Facts submitted by

defendants lacked specific references to the record, excluding

pleadings, required by Rule 4:46-2(a). Nonetheless, defendants

admitted the essential facts regarding the Note and Mortgage,

including the following:

 The obligation in the Note and/or Mortgage
 contained an agreement that if any
 installment payment of interest and
 principal, taxes and/or insurance premiums
 should remain unpaid, the whole principal
 sum with all unpaid interest, should, at the
 option of Plaintiff, become immediately due
 and payable.

 Defendants averred additional material facts through the

certification of Alissa Adler. Among the assertions made were:

Plaintiff failed to give defendants adequate notice that Hagit

Bodner, a shareholder of Kroner, was married to Daniel Bodner.

Plaintiff permitted defendants to make payments on the Note upon

the sale of each of the units secured by the Mortgage, rather than

pursuant to the schedule in the Note and never advised that this

arrangement was unacceptable. Adler also cited provisions in the

Mortgage regarding an Event of Default, the circumstances under

 6 A-4774-14T2
which Kroner could declare the debt immediately due, and asserted

that Kroner never notified defendant that it was in default.

 The thrust of defendants' argument is that Daniel Bodner, a

member of M&B, had an undisclosed conflict of interest because his

wife was the managing partner of Kroner. Defendants also argue

that, despite the provisions of the Note calling for regular

payments, the course of conduct of the parties – that payments

were made only when a unit was sold "should have precluded, on an

estoppel basis the entry of summary judgment."

 Accepting these factual assertions as true, they do not

present a genuine issue of fact. Even if Kroner permitted

defendants to make payments that failed to comply with the strict

terms of the Note, that did not estop Kroner from seeking the

relief granted in this action. Defendants' argument is effectively

precluded by Section VI, Paragraph M of the Note, which states:

 The failure of Lender to insist upon strict
 performance of any term hereof shall not be
 deemed a waiver of any of the obligations of
 Borrower or any of the rights or remedies of
 Lender hereunder. Lender may waive any
 Event of Default or performance of Borrower
 without waiving any other Event of Default
 or performance of Borrower. Lender may
 remedy any Event of Default without waiving
 the Event of Default remedied. No delay in
 performance of any right or remedy of Lender
 shall be construed as a waiver of such right
 or remedy. Acceptance of any payment after
 the occurrence of an Event of Default shall
 not be deemed to waive or cure such Event of

 7 A-4774-14T2
 Default. Acceptance by Lender of any
 partial payment or partial performance by
 Borrower shall not be deemed a waiver of
 full payment or full performance. No
 extension of time for the payment of any
 amounts due under this Note made by
 agreement with any Person now or hereafter
 liable for the payment of this Note shall
 operate to release, discharge, modify,
 change or affect the original liability of
 Borrower hereunder, either in whole or in
 part, unless agrees otherwise in writing.

 Defendants' conflict of interest argument fares no better.

In their brief, defendants contend that Bodner's failure to

disclose his marriage to Hajit Bodner constituted a violation of

"his fiduciary responsibilities to [M&B] and its members."

(Emphasis added). Significantly, the breach of fiduciary duty

alleged is that of a member of M&B to the entity and its members.

The merit or lack of merit of such a claim has no bearing on

whether Kroner had the right to foreclose on the property here.

The relationship between Kroner and M&B was that of lender and

borrower.

 The Affiliated Business Arrangement Disclosure Statement made

by Kroner to M&B included the following:

 This is give you notice that Kroner, Inc.
 has a business and personal relationship
 with some of the members of [M&B], because
 of this relationship, this referral may
 provide Kroner, Inc. with financial or other
 benefits.

 8 A-4774-14T2
 Defendants contend this disclosure was inadequate; that

Kroner had a duty to disclose the Bodners' marriage and that the

failure to make this disclosure should have precluded summary

judgment. We disagree.

 Whether Kroner had a duty to disclose the specifics of the

Bodners' marriage is a question of law, Carter Lincoln-Mercury,

Inc., Leasing Div. v. EMAR Group, Inc., 135 N.J. 182, 194 (1994),

to be determined in light of the factual circumstances, United

Jersey Bank v. Kensey, 306 N.J. Super. 540, 553-56 (App. Div.

1997), certif. denied, 153 N.J. 402 (1998).

 Generally, a duty to disclose arises in three types of

transactions: (1) "fiduciary relationships such as principal and

agent or attorney and client," (2) situations in which there is

either trust or confidence that is either expressly stated or

necessarily implied, and (3) "contracts or transactions which in

their essential nature, are 'intrinsically fiduciary.'" Id. at

551. "[C]reditor-debtor relationships rarely give rise to a

fiduciary duty." Id. at 552. Defendants have provided no factual

basis for finding a duty to disclose more than what was provided

in the Affiliated Business Arrangement Disclosure Statement under

any of these categories. This argument therefore fails to provide

a basis for reversing the order granting summary judgment.

 Affirmed.

 9 A-4774-14T2